UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:09-cv-8174

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

WE SELL CELLULAR, INC., a New York
corporation; BRIAN M. TEPFER, individually;
SCOTT A. TEPFER, individually;

    Defendants.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/09

**FINAL ORDER AND PERMANENT INJUNCTION AGAINST DEFENDANTS,
WE SELL CELLULAR, INC., BRIAN M. TEPFER AND SCOTT A. TEPFER**

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), brought the above-captioned lawsuit against WE SELL CELLULAR, INC. a New York corporation, ("We Sell Cellular"), BRIAN M. TEPFER, individually ("Brian") and SCOTT A. TEPFER, individually ("Scott") (collectively, "Defendants"), alleging that the Defendants are engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone, NET10, Straight Talk and SafeLink branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendants' benefit, and computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones and essential for consumers to access TracFone's prepaid wireless network. TracFone alleges that this unlawful business practice involves the unauthorized and/or unlawful purchase, resale and/or trafficking of

15553359.1

TracFone/NET10 Prepaid Phones, the unauthorized and/or unlawful unlocking and/or reflashing of TracFone/NET10 Prepaid Phones and/or alteration, copying, and/or accessing of TracFone's copyrighted and proprietary software computer code installed in the Phones, or reselling the Phones to others who disable the software, and ultimately sell the altered Phones as new to unsuspecting consumers under the TracFone, NET10, Straight Talk, or SafeLink trademarks for unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

TracFone alleges that TracFone/NET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10 Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone/NET10 Prepaid Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. TracFone alleges that The Terms and Conditions and language on the packaging constitute a valid binding contract between Defendants and TracFone.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10 Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone or NET10 prepaid wireless service; (b) not to tamper with or alter TracFone/NET10 Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone, NET10, Straight Talk or SafeLink service, or assist others in such acts; and (c) not to export any TracFone/NET10 Prepaid Phones outside of the TracFone, NET10, Straight Talk or SafeLink wireless system coverage area ("Coverage Area"). TracFone alleges that in violation of the Terms and

Conditions, Defendants have, among other things, unlawfully exported TracFone/NET10 Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone, NET10, Straight Talk or SafeLink prepaid wireless service; and altered TracFone/NET10 Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Defendants' alleged involvement in the Bulk Resale Scheme, TracFone asserted claims against the Defendants for Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. §1114.; Federal Unfair Competition in violation of 15 U.S.C. §1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act ("DMCA"); dilution of TracFone's marks, 17 U.S.C. §1201, *et seq.*; Tortious Interference with Business Relationships and Prospective Advantage; Tortious Interference with Contract; Dilution of TracFone's Trademarks under common law unfair competition; conspiracy to induce breach of contract; civil conspiracy; and unjust enrichment.

Accordingly, it is hereby,

**ORDERED, ADJUDGED and DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2.  The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, for "TracFone," issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, for "TracFone," issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, for "TracFone," issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, for "TracFone," issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, for "NET10," on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, for "NET10," issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, for "NET10," issued on June 19, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,251,389, for "NET10," issued on June 12, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,630,321 for "SafeLink Wireless" and Design, issued on June 2, 2009 and based on a first use date of September 12, 2008; United States Trademark Application No. 77/740,346 for "SafeLink", filed on May 19, 2009; United States Trademark Application No. 77/685,281 for "Straight Talk", filed on March 6, 2009; United States Trademark Application No. 77/685,279 for "Straight Talk", filed on March 6, 2009; United States Trademark Application No. 77/685,274 for "Straight Talk", filed on March 6, 2009; United States Trademark Application No. 77/691,921 for "Straight Talk Wireless", filed on March 16, 2009; United States Trademark Application No. 77/691,917 for "Straight Talk Wireless", filed on March 16, 2009; and United States Trademark Application No. 77/691,925 for "Straight Talk Wireless", filed on March 16, 2009 (collectively the "TracFone/NET10/Straight Talk/SafeLink Trademarks").

3. The TracFone/NET10/Straight Talk/SafeLink Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

4. The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

5. The Court finds that the Defendants' alleged involvement in the Bulk Resale Scheme, if proven at trial, would constitute Breach of Contract; Federal Trademark Infringement in violation of 15 U.S.C. §1114; Federal Unfair Competition in violation of 15 U.S.C. §1125(A); Common Law Unfair Competition; Contributory Trademark Infringement; Copyright Infringement of Software in violation of Title 17 of the United States Code; Circumvention of Technological Measures That Control Access to Copyrighted Software and Trafficking in Services That Circumvent Technological Measures Protecting Copyrighted Software in violation of the Digital Millennium Copyright Act ("DMCA"); dilution of TracFone's marks, 17 U.S.C. §1201, *et seq.*; Tortious Interference with Business Relationships and Prospective Advantage; Tortious Interference with Contract; Dilution of TracFone's Trademarks under common law unfair competition; conspiracy to induce breach of contract; unfair competition; civil conspiracy; and unjust enrichment.

6. The Court finds that the Terms and Conditions constitute a valid binding contract enforceable against Defendants. The Court finds that the alleged conduct including (a) facilitating others to use TracFone/NET10 Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone/NET10 Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or

reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone/NET 10 Prepaid Phones outside the coverage Area, or assisting others in such acts, respectively, would constitute independent breaches of contract for which TracFone would be entitled to relief if proven at trial.

7. The Court further finds that Defendants' alleged participation in the Bulk Resale Scheme, if proven at trial, has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8. TracFone is entitled to injunctive relief on the claims set forth in the Complaint.

9. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. §201.40(b)). The Court finds that this exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the exemption. The Defendants' alleged purchase and resale of TracFone/NET10 Prepaid Phones was allegedly for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

10. Defendant, We Sell Cellular, and each and all of its respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, attorneys, accountants, investigators, consultants, and all other persons or entities acting or purporting to act for him/her/it or on his/her/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, Brian and Scott, and each of their heirs, assigns, personal representatives, beneficiaries, relatives, agents, employees, attorneys, accountants, investigators, consultants and all other persons and entities acting or purporting to act for him or on his behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant, and any and all persons and entities in active concert and participation with any Defendant, are hereby PERMANENTLY ENJOINED from the unauthorized:

    a. the unauthorized purchasing and/or selling any wireless mobile handset that they know, or should know, bears, or at one time bore, any TracFone/NET10/Straight Talk/SafeLink Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone/NET10 Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's, NET10's, Straight Talk's and SafeLink's websites,

www.tracfone.com, www.net10.com, www.straighttalk.com and www.safelink.com, respectively, and including without limitation the following TracFone/NET10 handsets:

| | | |
|---|---|---|
| Kyocera K126C | Motorola C343 | Nokia 1100 |
| LG 1500 | Motorola V170 | Nokia 1112 |
| LG 200C | Motorola V171 | Nokia 1600 |
| LG 200CM | Motorola RAZR V3a | Nokia 2126 |
| LG 300G | Motorola V176 | Nokia 2126i |
| LG 3280 | Motorola W175g | Nokia 2285 |
| LG 400G | Motorola W260g | Nokia 2600 |
| LG 410G | Motorola W326g | Nokia 3390 |
| LG 600G | Motorola W370 | Samsung T101G |
| LG CG225 | Motorola W375 | Samsung T201G |
| Motorola C139 | Motorola W376g | Samsung T301G |
| Motorola C155 | Motorola W377g | |
| Motorola C261 | Motorola W385 | |

b. rekitting, reflashing and/or unlocking of any TracFone/NET10 Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any model of TracFone/NET10 Handsets;

d. the unauthorized facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in rekitting, reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e. the unauthorized facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and,

f.  knowingly using the TracFone/NET10/Straight Talk/SafeLink Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone/NET10/StraightTalk/SafeLink Trademarks, without TracFone's prior written authorization.

11. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction or the parties' settlement.

12. The last known address of Defendant, We Sell Cellular is 762 Summa Avenue, Westbury, New York 11590.

13. The last known address of Defendant, Brian is 2866 Martin Avenue, Bellmore, New York 11710.

14. The last known address of Defendant, Scott is 2866 Martin Avenue, Bellmore, New York 11710.

15. The address of Plaintiff, TracFone Wireless, Inc. is 9700 Northwest 112th Avenue, Miami, Florida 33178.

16. The Court finds that there is no just reason for delay of the entry of a permanent injunction against Defendants, We Sell Cellular, Inc., a New York Corporation, Brian M. Tepfer, individually, and Scott A. Tepfer, individually, and therefore, directs the Clerk to a Final Order and Permanent Injunction as set forth herein. *The Clerk is respectfully requested to close this case.*

DONE AND ORDERED in _Bertha_, this _14_ day of _2009_, 2009.

_RMB_
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:09-cv-8174

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

v.

WE SELL CELLULAR, INC., a New York
corporation; BRIAN M. TEPFER, individually;
SCOTT A. TEPFER, individually;

    Defendants.

## STIPULATION FOR ENTRY OF FINAL ORDER AND PERMANENT INJUNCTION AGAINST DEFENDANTS, WE SELL CELLULAR, INC., BRIAN M. TEPFER AND SCOTT A. TEPFER

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), and WE SELL CELLULAR, INC., a New York corporation; BRIAN M. TEPFER, individually, and SCOTT A. TEPFER, individually ("Defendants"), through their undersigned counsel, hereby stipulate and agree to the entry of the Final Order and Permanent Injunction Against Defendants, WE SELL CELLULAR, INC., a New York corporation, BRIAN M. TEPFER, individually and SCOTT A. TEPFER, individually filed with this stipulation in the form attached hereto at Exhibit A.

SCHWARTZ, LEVINE & KAPLAN, PLLC

By: _____
Jeffrey A. Kaplan, Esquire
880 Third Avenue, 13th Floor
New York, New York 10022
Telephone No. (212) 752-3380
Facsimile No. (212) 813-1454
Email: jkaplan@slklawfirm.com

*Attorney for Defendants, We Sell Cellular, Inc., Brian M. Tepfer & Scott A. Tepfer*

CARLTON FIELDS, P.A.

By: _____
Aaron S. Weiss
SDNY Bar No. AW7589
100 Southeast Second Street
Suite No. 4000
Miami, Florida 33131-9101
Telephone No. (305) 530-0050
Facsimile No. (305) 530-0055
Email: aweiss@carltonfields.com

*Attorneys for Plaintiff, TracFone Wireless, Inc.*

15553359.1

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 12, 2009, true and correct copies of the foregoing were served via U.S. Mail upon:

Jeffrey A. Kaplan, Esquire
880 Third Avenue, 13th Floor
New York, New York 10022
Telephone: (212) 752-3380
Facsimile: (212) 813-1454
Email: jkaplan@slklawfirm.com

By: _____
AARON S. WEISS
SDNY Bar No. AW7589